United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YANTING ZHANG,                          No. C 12-1430 CW

        Plaintiff,                      ORDER DENYING
                                        PLAINTIFF'S MOTION
    v.                                  TO REMAND

SAFECO INSURANCE COMPANY OF
AMERICA, LEONARD BAINES and DOES
1-10,

        Defendants.

_____/

    Defendant Safeco Insurance Company of America removed this
breach of insurance contract action to federal court on the basis
of diversity jurisdiction.  Plaintiff Yanting Zhang moves to
remand this case to the Contra Costa County superior court,
pointing to the absence of complete diversity created by Leonard
Baines as a named defendant.  Safeco opposes the motion, arguing
that Baines was fraudulently joined to defeat diversity.  The
matter was taken under submission and decided on the papers.
Having considered all of the paper filed by the parties, the Court
denies Plaintiff's motion to remand.

                            BACKGROUND

    The following facts are taken from Plaintiff's complaint.  On
or about June 15, 2009, Plaintiff's home was vandalized.  At the

time of the vandalism, Safeco insured Plaintiff's interest in the property.  Plaintiff submitted a claim to Safeco in the amount of $155,791 to recover the cost to repair the damage caused by the vandalism.  Safeco agreed to pay only a small portion of the loss and withheld the money needed to repair Plaintiff's home which remains unrepaired and uninhabitable.  The loss was adjusted by Defendant Leonard Baines, who determined the loss to be no more than $31,852.  Baines and Plaintiff are citizens of California. Safeco is incorporated in the State of New Hampshire with its principal place of business in the State of Massachusetts.  The amount in controversy is more than $75,000.

Baines knew the minimum cost to return Plaintiff's property to its condition prior to the vandalism was not less than $155,791 and knew that to deprive Plaintiff of the money needed to repair her home would potentially cause her to lose her home and, as a result, she would suffer severe and extreme emotional distress. Baines nevertheless steadfastly and falsely claimed that the home could be repaired for $31,852.  In estimating the cost of repairs to be this false amount, Baines showed a reckless disregard for the probability of causing severe and extreme emotional distress to Plaintiff arising from the loss of her home.  As a direct and proximate result of Baines' conduct, Safeco withheld policy benefits due under the insurance policy, the insured home was not repaired, Plaintiff is in danger of losing her home and has suffered severe and extreme emotional distress.  The one claim Plaintiff alleges against Baines is intentional infliction of emotional distress (IIED).

LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that, if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and seek to persuade the district court that this defendant was fraudulently joined.

United States District Court
For the Northern District of California

McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).
"If the plaintiff fails to state a cause of action against a
resident defendant, and the failure is obvious according to the
settled rules of the state, the joinder of the resident defendant
is fraudulent." Id. The defendant opposing remand is entitled to
present facts showing the joinder to be fraudulent. Id.; Ritchey
v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (where the
issue is fraudulent joinder, a court may look beyond the
plaintiff's complaint). The burden of the defendant is not to
show that the joinder of the non-diverse party was for the purpose
of preventing removal because "it is universally thought that the
motive for joining such a defendant is immaterial." Albi v.
Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944).
Instead, the defendant must demonstrate that there is no
possibility that the plaintiff would be able to establish a cause
of action in state court against the alleged sham defendant. Id.

DISCUSSION

I. Scope of Employment

    Safeco first argues that Baines cannot be held liable
individually because, when he was adjusting Plaintiff's claim, he
was acting as Safeco's employee. Safeco submits Baines'
declaration in which he states that, "at all times while I was
handling Zhang's claim arising out of the June 15, 2009 incident,
I was acting in my role as a Senior Claims Examiner for Safeco."

    In California, an employee of an insurance company, acting
within the course and scope of his or her employment, cannot be

4

held individually liable as a defendant unless he or she acts for
his or her own personal advantage.  Mercado v. Allstate Ins. Co.,
340 F.3d 824, 826 (9th Cir. 2003).

     Plaintiff does not dispute that an employee or agent of an
insurance company, working within the scope of his or her
employment, cannot be held liable for a claim of IIED.  Instead,
she argues that the allegations in her complaint control, and
there are no allegations that Baines worked as Safeco's employee.
Plaintiff further contends that the Court should not rely on
Baines' declaration because "there is no rule that a declaration
by an adverse party on an issue of fact resolves that issue of
fact."

     Plaintiff is correct that a declaration, by itself, does not
resolve an issue of fact.  However, Baines' declaration is
uncontested.  Plaintiff has not submitted evidence raising a
dispute of fact regarding Baines' employment for Safeco and
whether he was working within the scope of that employment when he
investigated and adjusted her claim.  Baines' uncontested
declaration is taken as true, at least for the purposes of this
motion to remand.  See West America Corp. v. Vaughan-Bassett
Furniture Co., Inc., 765 F.2d 932, 936 (9th Cir. 1985) (taking as
true defendants' uncontested declaration about identity of Doe
defendants showing them to be fraudulently joined to establish
diversity).  Therefore, even though Plaintiff has not alleged
Baines' relationship to Safeco in her complaint, the Court finds
that, during the time at issue, he was Safeco's employee working
within the scope of that employment.

United States District Court
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1    Therefore, Safeco has met its burden to show that there is no

2  possibility that Plaintiff will be able to state a cause of action

3  against Baines in state court.  Baines is fraudulently joined and

4  must not be considered for purposes of establishing diversity

5  jurisdiction.  Diversity jurisdiction exists because Safeco and

6  Plaintiff, the two remaining parties, are citizens of different

7  states and the amount in controversy is more than $75,000.

8  Plaintiff's motion for remand is denied.  Furthermore, as

9  discussed below, Plaintiff has failed to allege a claim against

10  Baines upon which relief may be granted.

11  II. Failure to State a Claim Against Baines

12    The elements of a cause of action for IIED are (1) extreme

13  and outrageous conduct (2) intended to cause or done in reckless

14  disregard for causing (3) severe emotional distress and (4) actual

15  and proximate causation.  Cervantez v. J.C. Penney Co., Inc., 24

16  Cal. 3d 579, 593 (1979), superseded by statute on other grounds as

17  stated in Melendez v. City of Los Angeles, 63 Cal. App. 4th 1, 7

18  (1998).  The conduct must be so extreme as to "exceed all bounds

19  of that usually tolerated in a civilized community," id., and the

20  distress so severe "that no reasonable man in a civilized society

21  should be expected to endure it."  Fletcher v. Western Nat'l Life

22  Ins. Co., 10 Cal. App. 3d 376, 397 (1970).  "Behavior may be

23  outrageous if a defendant (1) abuses a relation or position which

24  gives him power to damage the plaintiff's interest; (2) knows the

25  plaintiff is susceptible to injury through mental distress; or

26  (3) acts intentionally or unreasonably with the recognition that

27  the acts are likely to result in illness through mental distress."

28  Pulver v. Avco Fin. Servs., 182 Cal. App. 3d 622, 637 (1986).

United States District Court
For the Northern District of California

1   California courts have held that delay or denial of insurance

2   claims is not sufficiently outrageous to state a cause of action

3   for IIED.  Coleman v. Republic Indem. Ins. Co. of California, 132

4   Cal App. 4th 403, 416-17 (2005).

5       Plaintiff argues that she has stated a claim for IIED because

6   her allegations meet the requirement of Judicial Council of

7   California Jury Instruction (CACI) 1603, which states that "the

8   defendant acted with reckless disregard in causing the plaintiff's

9   emotional distress if (1) the defendant knew that emotional

10  distress would probably result from his or her conduct, or (2) the

11  defendant gave little or no thought to the probable effects of his

12  or her conduct."  Plaintiff points to Fletcher, 10 Cal. App. 3d at

13  394 and Younan v. Equifax, 111 Cal. App. 3d 498 (1980), to show

14  that a claim for IIED can be stated in connection with an

15  insurance claim.  However, Fletcher and Younan are

16  distinguishable.

17      In Fletcher, the court found that an insurer and its claims

18  supervisor induced the plaintiff to surrender his disability

19  insurance policy and to settle a non-existent dispute by sending

20  the plaintiff a series of false and threatening letters and

21  applying economic pressure.  Fletcher, 10 Cal. App. 3d at 392.

22  The defendants conceded that their conduct was deplorable and

23  outrageous.  Id.  In Younan, the court found that a claims

24  handling agency worked with the insurer deliberately to falsify

25  medical records so as to provide a basis upon which to deny an

26  insured's claim.  Younan, 111 Cal. App. 3d at 515-16.

27      Here, there are no allegations of a plan to induce Plaintiff

28  to surrender her policy, to settle a dispute by sending her false

United States District Court
For the Northern District of California

1  and threatening letters or of the falsification of medical records

2  to deny a valid claim.  The allegations merely indicate that

3  Baines' opinion of the cost of repairing Plaintiff's house was

4  much lower than her estimate.

5       The facts of this case are not as egregious as those in

6  Coleman, 132 Cal. App. 4th at 407, 417, where the insurance

7  adjuster misled the claimants as to the applicable statute of

8  limitations and advised them not to obtain the services of an

9  attorney.  The court held that even these acts, based on statutory

10  unfair settlement practices, did not constitute the type of

11  outrageous conduct that would support a cause of action for IIED.

12  Id. at 417; see also, Hailey v. California Physicians' Serv., 158

13  Cal. App. 4th 452, 474-76 (2007) (citing cases in which claims of

14  IIED against an insurer were rejected where the insurance company

15  refused to accept a settlement demand within policy limits, failed

16  to investigate a claim, accused the insured of "trying to put

17  something over on" it, or delayed or denied insurance benefits).

18  Here, too, Plaintiff's allegations against Baines do not rise to

19  the level of outrageous conduct that is necessary to state a claim

20  for IIED.

21       Plaintiff's argument that her pleading is sufficient because

22  she states the elements of CACI 603 is unpersuasive.  She must

23  allege outrageous conduct on the part of Baines, not merely repeat

24  the elements of the cause of action.  Similarly, her argument that

25  her pleading is "properly drafted" because it alleges

26  "outrageousness" is unpersuasive.  It is the alleged conduct, not

27  the label of outrageousness, that is determinative.

28

1    Based on the foregoing, Plaintiff's complaint has failed to
2    state a claim for IIED against Baines.
3                              CONCLUSION
4        For the foregoing reasons, diversity jurisdiction exists and
5    Plaintiff's motion to remand is denied.  The parties shall appear
6    on Wednesday, June 27, 2012 at 2:00 pm for a case management
7    conference.
8
9        IT IS SO ORDERED.
10
11   Dated:  5/23/2012
12                                      CLAUDIA WILKEN
                                        United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28