IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANTING ZHANG,<br><br>    Plaintiff,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, LEONARD BAINES and DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C 12-1430 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

   Defendant Safeco Insurance Company of America removed this breach of insurance contract action to federal court on the basis of diversity jurisdiction.  Plaintiff Yanting Zhang moves to remand this case to the Contra Costa County superior court, pointing to the absence of complete diversity created by Leonard Baines as a named defendant.  Safeco opposes the motion, arguing that Baines was fraudulently joined to defeat diversity.  The matter was taken under submission and decided on the papers.  Having considered all of the paper filed by the parties, the Court denies Plaintiff's motion to remand.

                              BACKGROUND

   The following facts are taken from Plaintiff's complaint.  On or about June 15, 2009, Plaintiff's home was vandalized.  At the

time of the vandalism, Safeco insured Plaintiff's interest in the property.  Plaintiff submitted a claim to Safeco in the amount of $155,791 to recover the cost to repair the damage caused by the vandalism.  Safeco agreed to pay only a small portion of the loss and withheld the money needed to repair Plaintiff's home which remains unrepaired and uninhabitable.  The loss was adjusted by Defendant Leonard Baines, who determined the loss to be no more than $31,852.  Baines and Plaintiff are citizens of California. Safeco is incorporated in the State of New Hampshire with its principal place of business in the State of Massachusetts.  The amount in controversy is more than $75,000.

   Baines knew the minimum cost to return Plaintiff's property to its condition prior to the vandalism was not less than $155,791 and knew that to deprive Plaintiff of the money needed to repair her home would potentially cause her to lose her home and, as a result, she would suffer severe and extreme emotional distress. Baines nevertheless steadfastly and falsely claimed that the home could be repaired for $31,852.  In estimating the cost of repairs to be this false amount, Baines showed a reckless disregard for the probability of causing severe and extreme emotional distress to Plaintiff arising from the loss of her home.  As a direct and proximate result of Baines' conduct, Safeco withheld policy benefits due under the insurance policy, the insured home was not repaired, Plaintiff is in danger of losing her home and has suffered severe and extreme emotional distress.  The one claim Plaintiff alleges against Baines is intentional infliction of emotional distress (IIED).

2

LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that, if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and seek to persuade the district court that this defendant was fraudulently joined.

3

McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. The defendant opposing remand is entitled to present facts showing the joinder to be fraudulent. Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (where the issue is fraudulent joinder, a court may look beyond the plaintiff's complaint). The burden of the defendant is not to show that the joinder of the non-diverse party was for the purpose of preventing removal because "it is universally thought that the motive for joining such a defendant is immaterial." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944). Instead, the defendant must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action in state court against the alleged sham defendant. Id.

DISCUSSION

I. Scope of Employment

Safeco first argues that Baines cannot be held liable individually because, when he was adjusting Plaintiff's claim, he was acting as Safeco's employee. Safeco submits Baines' declaration in which he states that, "at all times while I was handling Zhang's claim arising out of the June 15, 2009 incident, I was acting in my role as a Senior Claims Examiner for Safeco."

In California, an employee of an insurance company, acting within the course and scope of his or her employment, cannot be

4

held individually liable as a defendant unless he or she acts for his or her own personal advantage. Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003).

Plaintiff does not dispute that an employee or agent of an insurance company, working within the scope of his or her employment, cannot be held liable for a claim of IIED. Instead, she argues that the allegations in her complaint control, and there are no allegations that Baines worked as Safeco's employee. Plaintiff further contends that the Court should not rely on Baines' declaration because "there is no rule that a declaration by an adverse party on an issue of fact resolves that issue of fact."

Plaintiff is correct that a declaration, by itself, does not resolve an issue of fact. However, Baines' declaration is uncontested. Plaintiff has not submitted evidence raising a dispute of fact regarding Baines' employment for Safeco and whether he was working within the scope of that employment when he investigated and adjusted her claim. Baines' uncontested declaration is taken as true, at least for the purposes of this motion to remand. See West America Corp. v. Vaughan-Bassett Furniture Co., Inc., 765 F.2d 932, 936 (9th Cir. 1985) (taking as true defendants' uncontested declaration about identity of Doe defendants showing them to be fraudulently joined to establish diversity). Therefore, even though Plaintiff has not alleged Baines' relationship to Safeco in her complaint, the Court finds that, during the time at issue, he was Safeco's employee working within the scope of that employment.

5

Therefore, Safeco has met its burden to show that there is no possibility that Plaintiff will be able to state a cause of action against Baines in state court. Baines is fraudulently joined and must not be considered for purposes of establishing diversity jurisdiction. Diversity jurisdiction exists because Safeco and Plaintiff, the two remaining parties, are citizens of different states and the amount in controversy is more than $75,000. Plaintiff's motion for remand is denied. Furthermore, as discussed below, Plaintiff has failed to allege a claim against Baines upon which relief may be granted.

II. Failure to State a Claim Against Baines

The elements of a cause of action for IIED are (1) extreme and outrageous conduct (2) intended to cause or done in reckless disregard for causing (3) severe emotional distress and (4) actual and proximate causation. Cervantez v. J.C. Penney Co., Inc., 24 Cal. 3d 579, 593 (1979), superseded by statute on other grounds as stated in Melendez v. City of Los Angeles, 63 Cal. App. 4th 1, 7 (1998). The conduct must be so extreme as to "exceed all bounds of that usually tolerated in a civilized community," id., and the distress so severe "that no reasonable man in a civilized society should be expected to endure it." Fletcher v. Western Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970). "Behavior may be outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injury through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." Pulver v. Avco Fin. Servs., 182 Cal. App. 3d 622, 637 (1986).

6

California courts have held that delay or denial of insurance claims is not sufficiently outrageous to state a cause of action for IIED. Coleman v. Republic Indem. Ins. Co. of California, 132 Cal App. 4th 403, 416-17 (2005).

Plaintiff argues that she has stated a claim for IIED because her allegations meet the requirement of Judicial Council of California Jury Instruction (CACI) 1603, which states that "the defendant acted with reckless disregard in causing the plaintiff's emotional distress if (1) the defendant knew that emotional distress would probably result from his or her conduct, or (2) the defendant gave little or no thought to the probable effects of his or her conduct." Plaintiff points to Fletcher, 10 Cal. App. 3d at 394 and Younan v. Equifax, 111 Cal. App. 3d 498 (1980), to show that a claim for IIED can be stated in connection with an insurance claim. However, Fletcher and Younan are distinguishable.

In Fletcher, the court found that an insurer and its claims supervisor induced the plaintiff to surrender his disability insurance policy and to settle a non-existent dispute by sending the plaintiff a series of false and threatening letters and applying economic pressure. Fletcher, 10 Cal. App. 3d at 392. The defendants conceded that their conduct was deplorable and outrageous. Id. In Younan, the court found that a claims handling agency worked with the insurer deliberately to falsify medical records so as to provide a basis upon which to deny an insured's claim. Younan, 111 Cal. App. 3d at 515-16.

Here, there are no allegations of a plan to induce Plaintiff to surrender her policy, to settle a dispute by sending her false

7

and threatening letters or of the falsification of medical records to deny a valid claim. The allegations merely indicate that Baines' opinion of the cost of repairing Plaintiff's house was much lower than her estimate.

The facts of this case are not as egregious as those in Coleman, 132 Cal. App. 4th at 407, 417, where the insurance adjuster misled the claimants as to the applicable statute of limitations and advised them not to obtain the services of an attorney. The court held that even these acts, based on statutory unfair settlement practices, did not constitute the type of outrageous conduct that would support a cause of action for IIED. Id. at 417; see also, Hailey v. California Physicians' Serv., 158 Cal. App. 4th 452, 474-76 (2007) (citing cases in which claims of IIED against an insurer were rejected where the insurance company refused to accept a settlement demand within policy limits, failed to investigate a claim, accused the insured of "trying to put something over on" it, or delayed or denied insurance benefits). Here, too, Plaintiff's allegations against Baines do not rise to the level of outrageous conduct that is necessary to state a claim for IIED.

Plaintiff's argument that her pleading is sufficient because she states the elements of CACI 603 is unpersuasive. She must allege outrageous conduct on the part of Baines, not merely repeat the elements of the cause of action. Similarly, her argument that her pleading is "properly drafted" because it alleges "outrageousness" is unpersuasive. It is the alleged conduct, not the label of outrageousness, that is determinative.

Based on the foregoing, Plaintiff's complaint has failed to state a claim for IIED against Baines.

## CONCLUSION

For the foregoing reasons, diversity jurisdiction exists and Plaintiff's motion to remand is denied.  The parties shall appear on Wednesday, June 27, 2012 at 2:00 pm for a case management conference.

IT IS SO ORDERED.

Dated: 5/23/2012

CLAUDIA WILKEN
United States District Judge

9