UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG,<br><br>        Plaintiff,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA ET AL,<br><br>        Defendant.<br>_____/ | No. C 12-01430 DMR<br><br>**ORDER RE NOVEMBER 27, 2012 JOINT DISCOVERY LETTER** |

Before the court is the parties' November 27, 2012 joint discovery letter in which Defendant Safeco Insurance Company of America seeks an order compelling Plaintiff Yanting Zhang to provide further responses to requests for admission and interrogatories. [Docket No. 22 ("Joint Letter").] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the following reasons, Defendant's request is GRANTED IN PART.

**I. Background**

Plaintiff Yanting Zhang filed this breach of insurance contract action in February 2012 against Defendant Safeco Insurance Company of America ("Safeco"). Plaintiff alleges that on June 15, 2009, unknown individuals vandalized Plaintiff's real property.[1] At the time of the vandalism,

---

[1] As the parties' joint letter did not include a statement of facts, all facts are taken from the parties' June 20, 2012 Joint Case Management Statement (Docket No. 18) unless otherwise noted.

Safeco insured Plaintiff's interest in the property. (Compl. ¶¶ 9, 10.) Plaintiff made a claim for insurance benefits to Safeco regarding the June 15, 2009 vandalism, and in July 2009, Safeco paid Plaintiff benefits based on a June 19, 2009 repair estimate. On September 3, 2009, Plaintiff made an additional claim for benefits, seeking payment for lost rental income allegedly incurred after the vandalism, and Safeco paid Plaintiff additional benefits for the lost rental income. Several months later, Safeco learned for the first time that on June 15, 2009, the date of the alleged vandalism, the property was in escrow, with escrow papers having been signed four days earlier, on June 11, 2009. The sale of the property was recorded on June 19, 2009, before the alleged lost rental income was incurred. In her Complaint, Plaintiff alleges that Safeco failed to pay her all policy benefits due. (Compl. ¶ 17.)

Safeco propounded requests for admission and special interrogatories upon Plaintiff. In the joint letter, Safeco contends that Plaintiff's responses to three requests for admission and one special interrogatory are non-responsive and seeks an order compelling Plaintiff to provide responsive answers to its discovery.

## II. Legal Standards

Federal Rule of Civil Procedure 36 provides that "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). If the party does not admit a matter, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). A denial must "fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

The party who has requested the admissions may move to determine the sufficiency of an answer or objection. If the court determines that an answer does not comply with the requirements

of Rule 36, it "may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

When served with interrogatories, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). An answer to an interrogatory must be responsive to the question. *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations omitted).

## III. Discussion

### A. Requests for Admission 2, 3, and 6

The disputed requests for admission ("RFAs") ask Plaintiff to 1) admit that she did not own the property at the time she made the lost rent claim (RFA 2); 2) admit that she had no insurable interest in the property at the time she made the lost rent claim (RFA 3); and 3) admit that she had no insurable interest in the property after June 11, 2009 (RFA 6). For each response to an RFA that was not an unqualified admission, Safeco's special interrogatory 18 asked Plaintiff to state all facts on which she based her response.

Plaintiff made a number of objections to the RFAs and denied each one. Safeco contends that Plaintiff's response to special interrogatory 18 demonstrates that her RFA answers are non-responsive. For example, RFAs 2 and 3 asked Plaintiff to admit that she did not own the property and that she had no insurable interest in the property at the time she made the lost rent claim. However, in her response to special interrogatory 18, Plaintiff stated that "*at the time of the loss*," Plaintiff was the owner of the property and had an insurable interest in the property. (Joint Letter 4, emphasis added.) With respect to RFA 6, which asked Plaintiff to admit that she had no insurable interest in the property *after* June 11, 2009, the date the property went into escrow, Plaintiff stated in her interrogatory response that she was the owner of the property with insurable interests in the property "*on* June 11, 2009." (Joint Letter 4.)

Plaintiff argues that she was "the property owner at the time of loss [the June 15, 2009 vandalism] and was entitled to all benefits under the policy of insurance," and that her denials are necessary to avoid conveying "unwarranted and unfair inferences." (Joint Letter 5.) Plaintiff asserts

that responding to RFAs as written, i.e. as of the time she made the lost rent claim, "would allow Safeco to argue that [Plaintiff] *made* a loss of rent claim for a period when she was not the owner and did not have the right to make a rent claim." (Joint Letter 5 (emphasis in original).)

The court finds that Plaintiff's answers to RFAs 2 and 3 are non-responsive. Those RFAs clearly and concisely seek admissions regarding the ownership of the property at the time Plaintiff made the lost rent claim, not at the time of the loss. The purpose of RFAs is to establish certain material facts as true, thus narrowing issues for trial. *See Asea, Inc.*, 669 F.2d at 1245. Whatever Safeco intends to argue with respect to whether Plaintiff had the right to make the lost rent claim is irrelevant for purposes of this discovery dispute. Plaintiff may not avoid admissions regarding the timing of her ownership of the property and her claim for benefits simply because she takes the position that she was entitled to benefits under her insurance policy. Such requests are permissible and Plaintiff must answer them as they are written. *See* Fed. R. Civ. P. 36(a)(4) ("[a] denial must fairly respond to the substance of the matter.").

Similarly, Plaintiff's response to RFA 6, which asked Plaintiff to admit that she had no insurable interest in the property after June 11, 2009, is non-responsive. In stating the basis for her denial of the RFA, Plaintiff stated that she was the owner of the property with insurable interests in the property "*on* June 11, 2009." (Joint Letter 4 (emphasis added).) Plaintiff must answer the RFA as written. If Plaintiff's amended answers to RFAs 2, 3 and 6 are not unqualified admissions, she must also amend her response to special interrogatory 18 to state all facts which support her answer(s).

### B. Special Interrogatory 10

Safeco's special interrogatory 10 requested that Plaintiff identify any individuals who lived at the property *prior to* the June 15, 2009 vandalism. In response, Plaintiff identified those individuals who "would have been residing in the house *on* June 15, 2009." (Joint Letter 3 (emphasis added).) In the joint letter, Safeco contends that Plaintiff's response is non-responsive, but represents that Plaintiff has advised Safeco that she will provide an amended response to the special interrogatory, and in that event, the dispute will be moot. (Joint Letter 4.) Accordingly, Safeco's request to compel a further response to special interrogatory 10 is denied without prejudice.

4

**IV. Conclusion**

For the foregoing reasons, Safeco's request for an order compelling Plaintiff to provide further responses to RFAs 2, 3, and 6 is GRANTED. By no later than January 4, 203, Plaintiff shall provide amended answers to the RFAs, and if necessary, an amended response to special interrogatory 18.

IT IS SO ORDERED.

Dated: December 21, 2012



DONNA M. RYU
United States Magistrate Judge

**United States District Court**
For the Northern District of California