IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YANTING ZHANG,

    Plaintiff,

  v.

SAFECO INS. CO. OF AMERICA, INC. and LEONARD BAINES,

    Defendants.
_____/

No. C 12-1430 CW

ORDER DENYING MOTION FOR RECONSIDERAION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (Docket Nos. 40, 41)

    Plaintiff Yanting Zhang moves for reconsideration of the Court's May 2013 order granting summary judgment to Defendant Safeco Insurance Company of America, Inc. She also moves under Civil Local Rule 7-9 for leave to file the motion for reconsideration. Defendant has not filed an opposition to either motion. After considering Plaintiff's submissions, the Court denies both motions.

## BACKGROUND

    Plaintiff brought this action against Safeco in February 2012. In her complaint, she alleged that the company had breached its contract to provide insurance coverage for a property that she owned in Richmond, California. Specifically, Plaintiff alleged that Safeco failed to compensate her adequately for damage caused to the property by a series of vandalism incidents between June 2009 and January 2010.

    In May 2013, this Court granted Safeco's motion for summary judgment. Docket No. 37, Order Granting Defendant's Motion for Summary Judgment, at 12. The Court found that Plaintiff had not

presented any evidence to dispute Safeco's estimate of the property damage and failed to produce a timely damage estimate of her own.[1]  Id. at 8-11.  The Court also found that Plaintiff failed to present any evidence that she continued to possess an insurable interest in the property after the first vandalism occurred in June 2009; in fact, Plaintiff openly admitted that she sold the property the week that the first vandalism occurred, thereby terminating Safeco's contractual obligations to provide coverage for any of the damage resulting from subsequent incidents of vandalism.  Id.  Based on these undisputed facts, the Court granted summary judgment to Safeco on all claims.  Id. at 12.  Judgment was entered on May 1, 2013.

Four weeks later, on May 29, Plaintiff filed a motion for reconsideration of the summary judgment order.  Docket No. 40.  In her motion, she asserted that she had recently obtained a damage estimate from a licensed contractor whom she had hired to inspect the property in July 2009, a month after the initial vandalism.  She argues that this "newly-discovered evidence warrants reconsideration of the ruling."  Id. at 3.

On July 3, 2013, five weeks after filing the motion for reconsideration, Plaintiff moved for leave to file a motion for reconsideration.  Docket No. 41.  The motion reiterated the same grounds for seeking reconsideration as her prior motion,

---

[1] Although Plaintiff submitted a damage estimate dated August 12, 2010, this estimate was based on an inspection that took place more than a year after Safeco produced its initial damage estimate.  During the interim period, Plaintiff sold the property and the property was vandalized several more times.  Accordingly, the August 2010 estimate was not sufficient to raise a dispute of material fact.

2

highlighting the recently obtained damage assessment from July 2009.

DISCUSSION

I.  Motion for Leave to File a Motion for Reconsideration

Plaintiff seeks leave to file a motion for reconsideration under Civil Local Rule 7-9.  That rule permits a party to move for reconsideration only after obtaining leave of the court to do so.  Civil L.R. 7-9(a).  However, the rule also makes clear that such a request may be made only if the court has not yet entered a final judgment.  Id. ("Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge." (emphasis added)).

As noted above, Plaintiff sought leave to file a motion for reconsideration in July 2013, more than two months after the Court entered its final judgment in this case.  Accordingly, Plaintiff's request for leave to file a motion for reconsideration must be denied.

II. Motion for Reconsideration

Because Plaintiff failed to obtain leave of the Court to file a motion for reconsideration under Civil Local Rule 7-9, she may not seek reconsideration under that rule.  She may, however, seek reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b), both of which allow a party to seek relief from a final order or judgment.  Although Plaintiff fails to cite either of these rules in her motion, the Court nevertheless construes her

3

request for reconsideration as arising under these rules.  See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) ("Although the [plaintiffs] never indicated which Federal Rule of Civil Procedure governed their motion, a motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b).").

Under Rule 59(e), a party may move "to alter or amend a judgment" within twenty-eight days of the entry of judgment.[2] Fed. R. Civ. P. 59(e).  "A Rule 59(e) motion is appropriate 'if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'"  Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005) (citing Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).  Rule 60(b) similarly allows a party to seek reconsideration of a "final judgment, order, or proceeding" when one of the following is shown: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason justifying relief."  Fed. R. Civ. P. 60(b).

---

[2] Plaintiff satisfied the twenty-eight day requirement here.

4

Here, Plaintiff seeks reconsideration solely on the basis of "newly discovered evidence" -- specifically, the recently obtained July 2009 damage estimate which, she contends, contradicts Safeco's damage estimate. Although Rule 59(e) and Rule 60(b) each recognize "newly discovered evidence" as a basis for seeking reconsideration, the same standard applies under either rule. See 11 Wright, Miller & Kane, Fed. Prac. & Proc. § 2808 (3d ed. 2013) ("The same standard applies for establishing this ground for relief, whether the motion is under Rule 59 or 60(b)(2)."). Under that standard, the party seeking reconsideration must show that he or she "exercised 'due diligence' to discover [the newly discovered] evidence" and that the evidence is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987). Plaintiff has not met either of these requirements in this case.

First, Plaintiff has not established that she exercised "due diligence" in trying to obtain the July 2009 damage estimate before filing her summary judgment brief. Although she asserts that the contractor she hired to produce the damage estimate relocated to a different part of the state without sending her a copy of the estimate, Zhang Decl. ¶¶ 4-7, she does not explain why she was unable to locate him until this year, nearly four years after she hired him and more than a year after she initiated this action. Further, the means by which she ultimately found the contractor -- namely, entering his name into Google and finding his business's website, id. ¶ 9 -- suggests that she could have

5

found him much sooner with minimal effort.[3]  Thus, Plaintiff's failure to obtain the damage estimate until after the entry of judgment reveals a lack of reasonable diligence and precludes reconsideration under Rules 59(e) and 60(b).  <u>Coastal Transfer</u>, 833 F.2d at 212 ("Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence.").

Second, even if Plaintiff had exercised reasonable diligence in trying to obtain the 2009 damage estimate, it would not have changed the outcome of this case.  Plaintiff has already admitted that she never provided Safeco with a copy of her contractor's damage estimate in 2009, as she was obliged to do if she wanted to dispute Safeco's original estimate.  <u>See</u> Docket No. 37, at 9 ("[Plaintiff] also admitted that she never formally disputed Safeco's repair estimate by submitting a conflicting estimate from a licensed contractor, despite Safeco's invitation to do so." (citing Plaintiff's deposition)).  Her recent assertion that she

---

[3] The Court notes that Plaintiff's account of her efforts to obtain the 2009 damage estimate contains various inconsistencies.  For instance, Plaintiff never explains why she stopped trying to obtain the damage estimate from the contractor in 2009 after she hired him specifically to produce the estimate.  Nor does she explain why she declined to hire another contractor to repair the property after she lost contact with the first contractor.  Nor does she explain why she failed to mention the July 2009 damage estimate to Safeco until after she commenced this litigation.  Nor does she explain why she told Safeco in December 2009 that it would cost $60,000 to repair the damage from the first two vandalisms if she had a July 2009 estimate stating that it would cost $119,000 to repair the damage from the first vandalism alone. <u>See</u> Docket No. 26-2, Ives Decl. ¶ 8, Ex. 5.  Nor does she explain how she was able to remember the contractor's name this year when she previously testified at her deposition that she "couldn't recall his name" and "couldn't recognize his name now."  Zhang Decl., Ex. 1, Zhang Depo. 55:1-:10.  Nevertheless, despite these inconsistencies, the Court accepts her assertions as true for the purposes of this motion.

6

1  did not receive a copy of the estimate until this year merely
2  confirms that she failed to provide the estimate to Safeco
3  immediately after the vandalism.
4      What's more, the damage estimate Plaintiff now seeks to
5  submit is dated July 23, 2009 -- two weeks after she called Safeco
6  to contest its damage estimate.  Calderon Decl., Ex. 1, at 2.  As
7  explained in the summary judgment order, Plaintiff called Safeco
8  on July 10, 2009 and "complained that her contractors thought
9  [Safeco]'s estimate was too low."  Docket No. 37, at 2-3.  This is
10 the only communication between Safeco and Plaintiff in the record
11 where Plaintiff ever mentioned hiring her own contractors to
12 assess the damage from the first vandalism.  Thus, because this
13 call occurred before the contractor had produced his damage
14 estimate -- and, it appears, before he had even inspected
15 Plaintiff's property[4] -- Plaintiff could not have been referring
16 to this estimate during the call.
17     In sum, there is no evidence in the record to suggest that
18 Plaintiff discussed the July 2009 damage estimate with Safeco, let
19 alone provided Safeco with a copy of the estimate, prior to her
20 filing this lawsuit.  Thus, even if Plaintiff had submitted the
21 estimate earlier, it would not have been enough to support an
22 inference that Safeco ignored contrary evidence in producing its
23 damage estimate or otherwise breached its policy.  Accordingly,
24 this "newly discovered evidence" does not provide grounds for
25 reconsideration of the Court's May 2013 summary judgment order.

---

[4] The July 2009 estimate identifies July 15, 2009 as the date when the contractor entered the property.  Calderon Decl., Ex. 1, at 2.

7

CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (Docket No. 40) and motion for leave to file a motion for reconsideration (Docket No. 41) are DENIED.

IT IS SO ORDERED.

Dated: 11/14/2013

CLAUDIA WILKEN
United States District Judge